UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HUGUETTE NICOLE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:20-cv-00367-NT |
| | ) |
| AARON FREY, in his official capacity | ) |
| as Attorney General of Maine, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On October 8, 2020, Plaintiff Huguette Nicole Young filed this action for declaratory and emergency injunctive relief against Maine Attorney General Aaron Frey, asking me to enjoin enforcement of one of Maine's executive orders aimed at addressing the COVID-19 pandemic. At the same time, the Plaintiff filed a motion to proceed *in forma pauperis*.[1] Pl.'s Application to Proceed *In Forma Pauperis* ("**Pl.'s IFP App.**") (ECF No. 3). But the Plaintiff declined to fill out the District of Maine's short-form application to proceed without paying fees or costs, choosing instead to file a written memorandum detailing why she believes that the $400 filing fee should be waived.

---

[1] The Plaintiff also filed a motion for speedy hearing and a preliminary injunction (ECF No. 4).

Pursuant to § 1915(a), a person seeking leave to file *in forma pauperis* must submit "an affidavit that includes a statement of all assets" the person[2] possesses and states that "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Whether to permit an applicant to proceed *in forma pauperis* is within the discretion of the district court. *Id.*; *Diaz-Ojeda v. Toledo*, 54 F.3d 764 (1st Cir. 1995).

The Plaintiff failed to provide sufficient financial information for me to conclude that her fees should be waived. While it is true that a *pro se* filer "need not be absolutely destitute to qualify for [*in forma pauperis*] status," Pl.'s IFP App. 4; *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the Plaintiff has provided no information about her assets and thus has not shown that she is unable to afford the filing fee. *See Pierce v. Collin*, Civil Action No. 18-10843-FDS, 2018 WL 2709207, at *1 (D. Mass. June 4, 2018) (denying motion for leave to proceed *in forma pauperis* because plaintiff filed an incomplete financial affidavit).

The Plaintiff's motion to proceed *in forma pauperis* is **DENIED** with leave to refile if she submits additional information clarifying her financial state. The Plaintiff shall submit either an amended application to proceed *in forma pauperis* or otherwise

---

[2] The Plaintiff notes that 28 U.S.C. 1915(a)(1) uses the word "prisoner" and argues that "[r]equiring a detailed financial statement from a non-prisoner pro se filer . . . violates privacy rights." Pl.'s IFP App. 5; *see also* 28 U.S.C. § 1915(a)(1) (authorizing a federal court to waive filing fees for "a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). But "[i]t is commonly understood" that the use of "prisoner" in the statute was a typographical error, and courts apply the affidavit requirement to non-prisoners as well. *Kersey v. Becton Dickinson & Co.*, Civil No. 16-10495-LTS, 2016 WL 4492867, at *1 (D. Mass. Aug. 25, 2016) (citing *Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997)).

pay the requisite filing fee by November 13, 2020.[3] The Plaintiff is advised that failure to either pay the filing fee or submit a completed application within the allotted time may result in dismissal of this action.

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated: October 30, 2020

---

[3] If the Plaintiff is concerned about disclosing private, personal information, she may file a redacted version of her *in forma pauperis* application on the docket and an unredacted copy under seal in accordance with Federal Rule of Civil Procedure 5.2 and D. Me. Local Rule 7A.