# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| HUGUETTE NICOLE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 1:20-cv-00367-NT |
| ) | |
| AARON FREY, in his official capacity ) | |
| as Attorney General of Maine, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER

On October 30, 2020, I entered an order denying the Plaintiff's motion to proceed *in forma pauperis* and directing her either to pay the filing fee or refile her motion with additional information clarifying her financial state by November 13, 2020. Memorandum and Order (ECF No. 6). On November 6, the Plaintiff filed a "Motion to Reconsider Dismissal of Plaintiff's Application to Proceed IFP and to Narrow IFP Issues Ahead of a Potential Appeal" ("**Pl.'s Mot. Reconsider**") (ECF No. 7). The Plaintiff has neither paid the fee nor provided additional financial information.

In this District, motions for reconsideration of an interlocutory order "shall demonstrate that the order was based on a manifest error of fact or law." D. Me. Loc. R. 7(f); *Murphy v. Corizon*, No. 1:12-cv-00101-JAW, 2012 WL 5258492, at *3 (D. Me. Oct. 24, 2012). Although the Plaintiff has not cited this standard or any other rule that would govern her motion to reconsider, I have construed her motion liberally

because she is proceeding *pro se. See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

In her motion to reconsider, the Plaintiff asserts that "the court summarily denied plaintiff's Application to Proceed IFP without addressing any of the issues, arguments, or citations" put forth by the Plaintiff and that "[t]his action by the court only solidified . . . that the modern day federal court system is unfairly biased against pro se plaintiffs."[1] Pl.'s Mot. Reconsider 2–3. The Plaintiff "requests a reconsideration of her Application to Proceed IFP in light of the fact that plaintiff's arguments do not appear to have been seriously considered before being denied." Pl.'s Mot. Reconsider 3.

Contrary to the Plaintiff's assertion, however, I carefully read and considered all of her arguments prior to issuing my previous Order. Her motion to reconsider merely repeats the very same arguments without offering any new information or support. First, she restates her argument that the federal filing fee statute is

---

[1] The Plaintiff surmises that "a big part of the problem is that magistrate judges and the Federal Magistrates Act of 1968 are not only unconstitutional, but have eroded away at the federal judicial system so that the court system is no longer being run as the Framers of the Constitution intended." Mot. to Reconsider Dismissal of Pl.'s Appl. to Proceed IFP and to Narrow IFP Issues Ahead of a Potential Appeal ("**Pl.'s Mot. Reconsider**") 3 (ECF No. 7). Later, the Plaintiff spends several pages attacking the constitutionality and effectiveness of the Federal Magistrates Act, including detailing her constitutional challenges to state-court judges in California. Pl.'s Mot. Reconsider 5–9. At one point, she states, "This motion makes the same arguments for the federal courts, claiming that all magistrate judges and the Federal Magistrates Act of 1968 are unconstitutional, in violation of Article III of the U.S. Constitution, because magistrate judges are also voted on and off the bench and are beholden to Congress and to tenured judges and specifically *not* individual citizens." Pl.'s Mot. Reconsider 7. These portions of the Plaintiff's brief appear to be a boilerplate argument that she has filed in numerous other courts and is untethered from the facts of this case, in which no Magistrate Judge has been involved. *See Young v. Healey*, Civil Action No. 20-11832-RGS, 2020 WL 6384314, at *1 n.2 (D. Mass. Oct. 30, 2020) (identifying nearly identical cases and pleadings filed by the Plaintiff in ten other federal courts); *Young v. James*, No. 20 Civ. 8252 (PAE), 2020 WL 6572798, at *1 & n.2 (S.D.N.Y. Oct. 26, 2020) (collecting cases and noting that the Plaintiff "has filed virtually identical complaints in at least 36 other federal courts").

unconstitutional without pointing to any legal authority or precedent. *See* Pl.'s Mot. Reconsider 4. Second, while continuing to omit details of her own financial state, she notes that the Supreme Court has held that a plaintiff need not be "absolutely destitute" to qualify for *in forma pauperis* status, *see* Pl.'s Mot. Reconsider 4, a point that I addressed in my prior Order. Third, she argues that the fact that she is receiving government benefits in the form of food stamps should be sufficient to obtain *in forma pauperis* status because it is dispositive in California state court—though, again, she does not offer any facts to paint a more complete picture of her financial state. *See* Pl.'s Mot. Reconsider 4–5. And, finally, the Plaintiff asserts that the Sixth Circuit—and by extension other courts that have decided the issue—erred in holding that 28 U.S.C. § 1915(a)(1) applies to non-prisoners. Pl.'s Mot. Reconsider 5. This point, too, was addressed in my Order, and the Plaintiff again offers no legal authority to support her position.

The remainder of the Plaintiff's brief contains a series of attacks on other—mostly unrelated—federal statutes, rules, and constitutional amendments.[2] The Plaintiff asks the Court to certify several of these constitutional challenges to the U.S. Attorney General pursuant to Federal Rule of Civil Procedure 5.1(b). Pl.'s Mot. Reconsider 9–10 (asking the Court to certify constitutional challenges to 28 U.S.C. §§ 1914, 1915(a)(1); Fed. R. App. P. 24; the Federal Magistrates Act; and Amendments

---

[2] The Plaintiff also offers arguments about her standing to bring this case. *See* Pl.'s Mot. Reconsider 10–13. Nevertheless, I remain skeptical that the Court has subject-matter jurisdiction over this matter. *See Young v. Healey*, Civil Action No. 20-11832-RGS, 2020 WL 5995213, at *2 (D. Mass. Oct. 9, 2020) (finding that Ms. Young lacked standing to bring a similar suit in Massachusetts); *Young v. Frosh*, Civil Action No. ELH-20-2935, 2020 WL 6150952, at *4 (D. Md. Oct. 20, 2020) (finding same in Maryland).

13 through 27 of the U.S. Constitution). Putting aside the irrelevancy of many of these provisions to this case, Rule 5.1 does not require certification where a motion to proceed *in forma pauperis* is denied or where a suit is dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 5.1(c) ("Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional."); Fed. R. Civ. P. 5.1 advisory committee's note (2006) ("[Rule 5.1] does not displace any of the statutory or rule procedures that permit dismissal of all or part of an action—including a constitutional challenge—at any time, even before service of process."); *Young v. Ferguson*, No. 2:20-CV-277-RMP, 2020 WL 6060875, at *2 (E.D. Wash. Oct. 14, 2020) (explaining in another case filed by Ms. Young that Rule 5.1 "does not control . . . where dismissal without prejudice is appropriate without proceeding further with the case because Plaintiff has failed to pay the civil filing fee or secure a waiver of the fee requirement").

Because the Plaintiff has failed to comply with the Court's prior Order and because she offers no new facts, arguments, or legal authority to show that the Order was a manifest error of law or fact, the Court **DENIES** the Plaintiff's Motion to Reconsider. The Plaintiff shall submit either an amended application to proceed *in forma pauperis* or otherwise pay the requisite filing fee by December 4, 2020. Failure to do so will result in dismissal of this case.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 20th day of November, 2020.